IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIE G. SMITH,

                             Plaintiff,

       v.                                          1:14-cv-2968-WSD

JULIAN CASTRO, in his official
capacity as Secretary and Head of
the United States Department of
Housing and Urban Development,
Office of the Secretary,
INDEPENDENT LIFESTYLES,
INC., a/k/a/ Phillips Winters
Apartments Hallmark Management,
ETHAL JACKSON, and JANET
STRICKLAND,

                          Defendants.

## OPINION AND ORDER

This matter is before the Court on the required frivolity review of Plaintiff

Willie G. Smith's ("Plaintiff") Complaint [3] pursuant to 28 U.S.C.

§ 1915(e)(2)(B).

## I.    BACKGROUND

On September 16, 2014, Plaintiff, *pro se*, filed his Application for Leave to

Proceed *In Forma Pauperis* [1] ("Application").  On September 18, 2014,

Magistrate Judge Walter E. Johnson granted [2] Plaintiff's Application, and

forwarded Plaintiff's Complaint to the Court for the required frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

In his Complaint [3], Plaintiff alleges that, from January 1, 2005, to September 10, 2008, the United States Secretary of Housing and Urban Development ("HUD Secretary" or "HUD"), together with Independent Lifestyles, conspired to terminate Plaintiff's Section 811 PRAC housing assistance in an act of retaliation and housing discrimination.  (Compl. ¶ 2).  Plaintiff alleges that the "inception of [Defendants'] elaborate conspiracy to retaliate and discriminate against Plaintiff was based on . . . [Defendants'] malicious eviction action that started June 28, 2002, and ended August 5, 2003."  (Compl. ¶ 14).  Plaintiff's 25-page complaint alleges an ongoing scheme by Defendants to deprive Plaintiff of public housing, as well as Plaintiff's multiple efforts to seek legal redress for Defendants' actions.

Among other efforts, on April 13, 2012, Plaintiff filed an action in the United States District Court for the Southern District of Georgia, Civil Action No. 4:12-cv-100 (the "S.D. Ga. Action"), that is substantially similar to the action presently before the court.  In the S.D. Ga. Action, Plaintiff named the following defendants:  Independent Lifestyles, Inc., Hallmark Management, Ethal Jackson, and Janet Strickland.  Plaintiff's amended complaint alleged causes of action under

the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, and HUD's regulations, rules, policies and directives.  (S.D. Ga. Action Am. Compl. ¶ 3). Judge William T. Moore adopted Magistrate Judge G. R. Smith's Final Report and Recommendation, which recommended dismissal of the action under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief.  The Magistrate Judge determined, and Judge Moore agreed, that Plaintiff's claims were barred by the Federal Housing Act's two-year statute of limitations.  (S.D. Ga. Action May 23, 2012, Order at 2).  Plaintiff's appeal of the district court's decision was dismissed on August 16, 2012.  Plaintiff filed several motions for relief from the district court's judgment, alleging "fraud on the court."  (See, e.g., S.D. Ga. Action Docket Nos. 19, 20, 21).  The Southern District of Georgia denied all of Plaintiff's motions.

In the present action, Plaintiff's factual allegations are substantially similar, and Plaintiff has added Julian Castro,[1] in his official capacity as HUD Secretary, as a defendant.  Plaintiff now asserts causes of action for breach of contract, alleging that his complaint for breach of contract is timely under Georgia's O.C.G.A. § 9-3-24, which provides for a six-year statute of limitations.  (Compl. ¶ 6).  Plaintiff also alleges that the Southern District of Georgia judges "implement[ed] fraud on the

---

[1]     Plaintiff erroneously refers to "Julia Castro" in the caption of his Complaint.

court and within the same action diabolically omitted . . . material facts . . . ." (Compl. ¶ 64).

## II.    DISCUSSION

### A.    Standard of Review

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but

also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiff filed his Complaint *pro se*.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief."  Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading."  Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

5

B.    <u>Analysis</u>

Plaintiff's Complaint against defendants Independent Lifestyles, Inc., Hallmark Management,[2] Ethal Jackson, and Janet Strickland must be dismissed because the claims are barred by *res judicata*, and therefore are frivolous.  "*Res judicata*, or more properly claim preclusion, is a judicially made doctrine with the purpose of both giving finality to parties who have already litigated a claim and promoting judicial economy."  <u>In re Atlanta Retail, Inc.</u>, 456 F.3d 1277, 1284 (11th Cir. 2006).  *Res judicata* "not only bars matters *actually litigated* in the earlier action; when it applies, res judicata also bars every claim which might have been presented in the earlier action."  <u>Langermann v. Dubbin</u>, 613 F. App'x 850, 853 (11th Cir. 2015) (emphasis in original) (citing <u>Atlanta Retail</u>, 456 F.3d at 1285).  *Res judicata* applies if four elements are met:  (1) a final judgment on the merits; (2) rendered by a court of competent jurisdiction; (3) between the same parties, or their privies; and (4) the causes of action involved in both cases are the same.  <u>Id.</u> (citing <u>Ragsdale v. Rubbermaid, Inc.</u>, 193 F.3d 1235, 1238 (11th Cir. 1999)).

Here, there is no question the Southern District of Georgia is a court of competent jurisdiction and that it rendered a final judgment on the merits.  <u>See</u>

---

[2]    Hallmark Management appears to be a separate defendant entity, despite Plaintiff's caption in his Complaint.

<u>Mathis v. Laird</u>, 457 F.2d 926, 927 (5th Cir. 1972) ("A ruling based on the statute of limitations is a decision on the merits for *res judicata* purposes.").

As to the fourth element, Plaintiff brought the same cause of action in this lawsuit as in the S.D. Ga. Action, because both lawsuits arose from the "same nucleus of operative fact." <u>See</u> <u>Echeverria v. Bank of Am., N.A.</u>, ––– F. App'x –––, –––, 2015 WL 7770182, at *2 (11th Cir. 2015) (quoting <u>Trustmark Ins. Co. v. ESLU, Inc.</u>, 299 F.3d 1265, 1270 (11th Cir. 2002)).  Further, "*res judicata* applies to all claims based on facts that were in existence at the time the original lawsuit was filed." <u>Id.</u> (citing <u>Pleming v. Universal-Rundle Corp.</u>, 142 F.3d 1354, 1357 (11th Cir. 1998).  Because the allegations in both complaints are so similar, there is little doubt that Plaintiff could have brought his breach of contract claims in the S.D. Ga. Action.  That Plaintiff could have brought his breach of contract claims in the first action is particularly evident because Plaintiff referenced a "Lease Agreement or contract" and his payment of "Full Contract Rent" several times in his S.D. Ga. Action amended complaint.  (<u>See, e.g.</u>, S.D. Ga. Am. Compl. ¶¶ 7, 17, 18, 19).

Regarding the third element, defendants Independent Lifestyles, Inc., Hallmark Management, Ethal Jackson, and Janet Strickland were also defendants in the S.D. Ga. Action.  Thus, Plaintiff's claims against these defendants are barred

by *res judicata*.  The only new party in this action is Julian Castro, in his official capacity as HUD Secretary.  It does not appear that the HUD Secretary was in privity with a party in the S.D. Ga. Action, as required under federal *res judicata* jurisprudence.  See McCulley v. Bank of Am., N.A., 605 F. App'x 875, 877 (11th Cir. 2015); but see Ardis v. Anderson, No. 3:14cv328, 2015 WL 521080, at *4 (N.D. Fla. Feb. 9, 2015) ("To the extent plaintiff seeks to avoid the preclusive effects of *res judicata* by naming new defendants in this action, his effort, to put it mildly, is duplicitous and to no avail.").  Thus, Plaintiff's breach of contract claims against the HUD Secretary are not barred by *res judicata*.

Plaintiff's breach of contract claims against the HUD Secretary, however, are time-barred.  O.C.G.A. § 9-3-24 provides as follows:  "All actions upon simple contracts in writing shall be brought within six years after the same become due and payable."  Plaintiff filed this action on September 16, 2014.  Even assuming that Plaintiff's claims for breach of contract accrued on the latest possible date alleged, September 10, 2008, Plaintiff initiated this action six days after the end of the six-year limitations period provided by O.C.G.A. § 9-3-24.[3]  Thus, Plaintiff's

---

[3]     Plaintiff's allegation that equitable tolling should save his claims is unavailing.  Under Georgia law, the "discovery rule" holds that certain causes of action accrue when a plaintiff discovers or with reasonable diligence should have discovered that he was injured.  The discovery rule, however, does not apply to

breach of contract claims are time-barred.  Because of all Plaintiff's claims fail,

Plaintiff's Complaint is required to be dismissed.  28 U.S.C. § 1915(e)(2)(B)(i)-

(ii).

**III.   CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Willie G. Smith's Complaint [3]

is **DISMISSSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).


**SO ORDERED** this 15th day of December, 2015.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

actions for breach of contract.  Owen v. Mobley Constr. Co., 320 S.E.2d 255
(1984).  Thus, the only relevant question for the statute of limitations in this action
is when the contract was allegedly breached.  The latest possible date Plaintiff
alleges is September 10, 2008.